

U.S. Department of Justice

*United States Attorney*
*Eastern District of Wisconsin*

*517 East Wisconsin Avenue*   *414 / 297-1700*

*Milwaukee, WI 53202*

February 2, 2010

The Honorable Charles N. Clevert
Chief Judge, United States District Court
Eastern District of Wisconsin
517 E. Wisconsin Avenue, Room 208
Milwaukee, WI 53202

      Re:    *United States v. Derrick Marshall*, 09-CR-198 (E.D. Wis.)

Dear Judge Clevert:

      Yesterday, Defendant Derrick Marshall's attorney, Thomas McClure, and I conferred regarding jury instructions, voir dire, and stipulations. I write to report that we reached the following stipulations and understandings.

**Proposed jury instructions**

      The parties have stipulated to the proposed instructions that the government submitted on November 24, 2009. The parties anticipate that proposed instruction 3.04, regarding proof of other acts, will need to be modified in light of the other-acts evidence admitted at trial and the purposes for which that evidence is admitted.

      The defendant continues to tender the theory of defense instruction that he filed on November 24. *See* R. 8 at 3. That instruction reads:

> It is the defendant's theory of defense that the information provided on or about November 10, 2005[,] in connection with the purchase of a firearm (A Ruger P. 89 9mm pistol) was inaccurate, and his statement to Michael Simonis was the result of an eroded recollection affected by the passage of time and the circumstances of his questioning.
>
> If the evidence adduced in support of the defendant's theory create in your mind a reasonable doubt of his guilt, then you must find the defendant not guilty.

      The government objects to this instruction on several grounds. The date on line 2 should read "April 8, 2009." The government also objects to the wording of the second paragraph of

this instruction on the ground that it inaccurately states the law.  If this sentence, or a similar one is given in a theory-of-defense instruction, the government suggests that the word "must" be replaced with the word "should," for consistency with the wording of the elements instruction.

**Proposed voir dire questions**

Second, the parties have no changes to the proposed voir dire questions that they each submitted on November 24.

**Stipulations**

The parties have stipulated to the facts regarding Derrick Marshall's purchase of the guns and the disposition of those guns, as set forth in the attached chart.

The parties have also conditionally stipulated to the following fact:

- As of November 10, 2005, Greg Drinkwater had previously been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year.

However, the defendant reserves the right to object to the above fact regarding Mr. Drinkwater's felony conviction on relevancy grounds.

Very truly yours,

JAMES L. SANTELLE
United States Attorney

By:

s/SCOTT J. CAMPBELL
Assistant United States Attorney

Enclosure