# *United States District Court*

## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.                        Case No.  09-CR-198

DERRICK D. MARSHALL,

        Defendant.

---

## COURT MINUTES
## HONORABLE CHARLES N. CLEVERT, JR., PRESIDING

---

| | |
|---|---|
| Date: | February 2, 2010 |
| Proceeding: | Final Pretrial Conference |

| | | |
|---|---|---|
| Start Time: | 3:16:28 p.m. | End Time: 3:37:42 p.m. |
| | 3:44:04 p.m. | 4:33:09 p.m. |

| | | |
|---|---|---|
| Court Reporter: | FTR | Deputy Clerk:  Kris Wilson |

| | | |
|---|---|---|
| Appearances: | Plaintiff: | Assistant U.S. Attorney Scott J. Campbell |
| | Defendant: | Derrick Marshall with Attorney Thomas J. McClure |

Disposition:      Trial will commence at 8:30 a.m. on Tuesday, February 16, 2010, and is expected to last two days.

Notes:           The government states that use of proposed jury instruction 3.04 "Proof of Other Acts" will turn on what evidence is admitted.

The defendant's theory of defense is that the Firearms Transaction Record completed by the defendant on November 10, 2005, to Badger Outdoors was accurate but that the statements attributed to the defendant by Agent Mike Simonis on April 8, 2009, were inaccurate as a result of a faulty recollection, the passage of time, and the circumstances of the interview.

The defense is to submit an amended "Theory of Defense" instruction consistent with today's discussion.  The court reiterates that the amended instruction will only be given if there is a factual basis in the trial record.

Discussion regarding other proposed jury instructions.
- Government prefers to include 7.06 language "You should make every reasonable effort to reach a verdict."
- Instruction on "Circumstances of Identification" is eliminated.
- Instructions re "Firearms-Definition" and "Other Acts" are modified as stated on the record.

Discussion re voir dire.  Court will not ask 5(e) or 5(f).

The parties' Stipulation is read into the record. See [20].

The defense also stipulates that as of November 10, 2005, Greg Drinkwater had previously been convicted of a felony offense, that is, a crime punishable by imprisonment for a term exceeding one year.